Joseph L. Kashi
Suite 212
35477 Spur Highway
Soldotna, AK 99669
907-260-7732
907-398-0480

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
### THIRD JUDICIAL DISTRICT AT KENAI

| | |
|---|---|
| MICHAEL R. ANDERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALTEC Industries, An Alabama ) | |
| Corporation ) | |
| ) | |
| Defendant. ) | Case No. 3KN08- 00111 Civil |

## COMPLAINT

COMES NOW the plaintiff, Michael R. Anderson, and complains against defendant Werner Ladder Company as follows:

1. Plaintiff is a resident of the Third Judicial District at or near Kasilof, Alaska. The accident that is the subject matter of this case took place occurred in Kenai, Alaska on February 14, 2006. Upon information and belief, all parties are subject to the jurisdiction and venue of this court.

2. Defendant Altec Industries, Inc. is an Alabama corporation regularly soliciting and doing business within the State of Alaska and is the manufacturer of a split dual bucket electrical utility "bucket truck", VIN 0205DM0685 which was the cause of the accident and which was owned by Homer Electric Association at the time of the accident. HEA was the employer of Plaintiff who was employed as a high voltage power lineman, and a regular and foreseeable use of the equipment in question. Defendant introduced the bucket truck in question into the stream of commerce, with the foreseeable result that said truck would be used by plaintiff within the State of Alaska. Defendant

Complaint Anderson v. Altec       Page 1

Exhibit B
Page 1 of 4 Pages

Case 3:08-cv-00170-JWS   Document 7-3   Filed 07/23/08   Page 1 of 4

sold the truck directly to HEA, upon information and belief, and directly serviced the bucket truck.

3. On February 14, 2006, plaintiff was testing and using the boom truck in question. The bucket truck was being used safely and in accordance with the manufacturer's specifications and warnings. Plaintiff was exiting the bucket when he fell approximately 9.5 feet to the ground. Plaintiff was gravely injured as a result and remains seriously disabled and impaired as a result of his accident. The injury occurred due to the faulty design of the bucket including, without limitation, failure to include appropriate steps, hand holds, and exits, rendering the bucket inherently unsafe to enter or exit, particularly in conditions of snow, ice, sleet, and other slippery conditions.

4. Plaintiff was injured in the above-noted accident and sustained medical bills, economic loss, loss of enjoyment of life, partial temporary and permanent disability, embarassment, pain and suffering, emotional distress and other like and similar injuries.

5. Defendant is 100% liable for any injuries sustained by plaintiff. Plaintiff was not comparatively negligent.

6. As a direct and proximate result, Plaintiff suffered severe injuries and damages, including the following:

    a. Left shoulder and left leg injuries, including without limitation, permanent injury to the musculoskeletal system, damaged lymph nodes, resultant thrombosis and sequelae, and neurological injuries.

    b. Medical expenses, past and future;

    c. Pain, suffering, and loss of enjoyment of life;

    d. Disfigurement and permanent disability.

    e. Loss of earnings and of earnings capacity

Complaint  Anderson v. Altec    Page 2

Exhibit B
Page 2 of 4 Pages

### First Cause of Action - Strict Liability

7. Plaintiff realleges and reincorporates herein by reference paragraphs 1-6.

8. The bucket truck was defective in design and manufacture. The defects included, but were not limited to, failure to properly design the bucket with adequate and safe entry and exit to prevent this sort of foreseeable accident, and failure to adequately warn.

9. As a direct proximate result of those defects, plaintiff suffered the injuries and damages alleged above and defendant is strictly liable to plaintiff for 100% of any injuries suffered as a result.

### Second Cause of Action - Negligence

10. Plaintiff realleges and reincorporates herein by reference paragraphs 1-9.

11. Plaintiff alleges that defendant was negligent in the design, manufacture, and marketing of said bucket. The negligence included, but was not limited to, poor quality control or a failure to exercise appropriate quality control, and failure to design and construct the bucket truck with adequate and safe entry and exit and failure to warn how to minimize the chance of injury in such instance, and failure to properly inspect the bucket truck for latent defects.

12. As a direct proximate result of those defects, plaintiff suffered the injuries and damages alleged above.

### Third Cause of Action - Breach of Warranty

13. Plaintiff realleges and reincorporates herein by reference paragraphs 1-12.

14. Plaintiff alleges that defendant expressly and implicitly warranted the bucket truck and that such warranties were breached and that defendant is liable to plaintiff for any injuries and damages sustained as a result of the breach of any applicable warranties.

Complaint Anderson v. Altec          Page 3

Exhibit B
Page 3 of 4 Pages

WHEREFORE, plaintiff demands judgment against defendant as follows:

1. For compensatory damages in an amount to be proven at trial but in excess of $100,000.

2. For pre-judgment interest at the statutory rate.

3. For plaintiff's costs and reasonable attorney's fees.

4. For such other relief as the court may deem equitable and just.

DATED at Soldotna, Alaska, this 12th Day of February, 2008.

LAW OFFICES OF JOSEPH L. KASHI

JOSEPH L. KASHI
Attorney for Plaintiff
ABA No. 7811107